IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

LISA BUECHLER and
MICHAEL MULLIGAN

Plaintiffs,

v.

ALANA MARIE ORTIZ, TYRIE BROWN and
QUIK TRAVEL STAFFING, INC.

Defendants.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiffs Lisa Buechler and Michael Mulligan, by and through Dennis W. Brown, attorney with the law offices of WAHLBERG, WOODRUFF, NIMMO & SLOANE, LLP, hereby files their Complaint and Jury Demand, and demand a jury trial of the following claims for relief and state, aver, and allege as follows:

### GENERAL ALLEGATIONS

1.  This Complaint arises out of a Motor Vehicle Collision that occurred on August 19, 2017 in Park County, Colorado involving vehicles driven by Plaintiff Lisa Buechler, Defendant Alana Marie Ortiz and Randall Miller ("Motor Vehicle Collision").

2.  At the time of the Motor Vehicle Collision and currently, Lisa Buechler ("Plaintiff Lisa Buechler") and Michael Mulligan ("Plaintiff Mulligan") or (Plaintiffs"), were and are husband and wife.

3.  Plaintiffs are currently Colorado residents residing in Golden, Jefferson County, Colorado.

4.  Upon information and belief and at all times material hereto, Defendant Alana Marie Ortiz ("Defendant Ortiz") was an Alaskan resident residing in Anchorage, Alaska.

5.  Upon information and belief and at all times material hereto, Defendant Ortiz was an employee of Quik Travel Staffing, Inc. ("Defendant Quik Travel Staffing").

1

6. Defendant Quik Travel Staffing is a California corporation with a mailing address of 141 West Bonita Avenue, Sierra Madre, California 91024 and that conducts business in the State of Colorado.

7. Defendant Quik Travel Staffing provides healthcare professionals on a part-time or full-time basis to healthcare facility clients nationwide.

8. Defendant Quik Travel Staffing represents that it provides highly qualified professionals to its healthcare facility clients.

9. Defendant Quik Travel Staffing can be served with process through its registered agent for service, Stefan Windheuser, 141 W. Bonita Ave., Sierra Madre, CA 91024.

10. At the time of the Motor Vehicle Collision, Defendant Ortiz was driving a black 2017 Cadillac XTS.

11. Upon information and belief, Defendant Ortiz had rented the 2017 Cadillac XTS from Enterprise Rent-A-Car.

12. Upon information and belief, Defendant Ortiz had rented the 2017 Cadillac XTS from Enterprise Rent-A-Car through a business rental program or business account.

13. Upon information and belief, the business rental account was between Enterprise Rent-A-Car and Defendant Quik Travel Staffing.

14. Upon information and belief, Defendant Quik Travel Staffing had authorized Defendant Ortiz to rent a vehicle using its business rental account with Enterprise Rent-A-Car for the work in Colorado.

15. Upon information and belief, at all times material hereto, Defendant Tyric Anthony Brown ("Defendant Brown") was a South Carolina resident, residing at 1788 Ebenezer Road, Apartment C, Rock Hill, SC 29732.

16. At the time of the Motor Vehicle Collision, Defendant Brown was driving a black Audi, which had South Carolina license plate NHP927.

## JURISDICTION AND VENUE

17. The Motor Vehicle Collision occurred on August 19, 2017 in the County of Park, State of Colorado.

18. Jurisdiction and venue are proper in this Court because the Motor Vehicle Collision herein described occurred in Colorado, Plaintiffs reside in Colorado and the Defendants all reside outside of Colorado:  Defendant Ortiz lives in Alaska, Defendant Brown lives in South

2

Carolina and Defendant Quik Travel Staffing is a California corporation with a mailing address in California.

19.  This is an action between citizens in different states and the amount in controversy exceeds $75,000.00 dollars exclusive of costs and interest, therefore this Court has jurisdiction under 28 U.S.C. § 1332.

20.  The events or omissions giving rise to this claim occurred in the District of Colorado, therefore venue is proper under 28 U.S.C. § 1391(b)(2).

## FACTS AND ALLEGATIONS

21.  On or about August 19, 2017, at approximately 1:27:00 p.m., Plaintiff Lisa Buechler was driving a Toyota Camry, traveling southbound on Colorado 285, near milepost 165.

22.  On or about August 19, 2017, at approximately 1:27:00 p.m., Defendant Ortiz was driving a black 2017 Cadillac XTS traveling northbound on Colorado 285, near milepost 165.

23.  At the time of the Motor Vehicle Collision, Defendant Ortiz was traveling northbound in the southbound lane of Highway 285 attempting to pass a blue vehicle that was traveling northbound when her vehicle collided head on with Plaintiff Lisa Buechler's vehicle.

24.  Just prior to the Motor Vehicle Collision, Defendant Ortiz was attempting to keep up with the black Audi being driven by Defendant Brown.

25.  On or about August 19, 2017, at approximately 1:27:00 p.m., Randall Miller was driving a 2014 Honda CR-V traveling southbound on Colorado 285, near milepost 165.

26.  Randall Miller was traveling at approximately the posted speed limit of 65 miles per hour behind Plaintiff Buechler's vehicle.

27.  When Defendant Ortiz' Cadillac collided head on into Plaintiff Lisa Buechler's Toyota, Randall Miller was unable to stop in time and his vehicle struck Plaintiff Lisa Buechler's vehicle.

28.  Randall Miller was not negligent and did not cause the Motor Vehicle Collision.

29.  In the 30 miles prior to the Motor Vehicle Collision, Defendant Ortiz and Defendant Brown had been driving at speeds in excess of the posted speed limit.

30.  In the 30 miles prior to the Motor Vehicle Collision, Defendant Ortiz and Defendant Brown were passing vehicles in no passing zones.

31.   Just prior to the Motor Vehicle Collision, Defendant Brown was traveling northbound in the southbound lane of Highway 285 and had passed a blue vehicle that was traveling northbound.

32.   At the point of impact of the Motor Vehicle Collision, the posted speed limit was 65 miles per hour.

33.   At the time of the Motor Vehicle Collision, Plaintiff Lisa Buechler was traveling at approximately 65 miles per hour in a posted 65 miles per hour zone.

34.   At the time of the Motor Vehicle Collision, Defendant Ortiz was traveling in excess of 75 miles per hour.

35.   Just prior to the Motor Vehicle Collision, Plaintiff Lisa Buechler left 82.2 feet of skid marks prior to the impact.

36.   Just prior to the Motor Vehicle Collision, Defendant Ortiz left no evidence of skid marks prior to the impact.

37.   The Affidavit and Application for Arrest Warrant for Defendant Ortiz, attached as **Exhibit A**, is an accurate copy of the original.

38.   Weather conditions were not a factor in causing or contributing to the Motor Vehicle Collision.

39.   The mechanical condition of the motor vehicle driven by Defendant Ortiz was not a factor in causing or contributing to the Motor Vehicle Collision.

40.   The mechanical condition of the motor vehicle driven by Defendant Brown was not a factor in causing or contributing to the Motor Vehicle Collision.

41.   Defendant Ortiz was careless and negligent at the time of the collision and her negligence was a cause of the collision.

42.   Pursuant to the doctrines of Employer/Employee and *Respondeat Superior*, Defendant Quik Travel Staffing is liable for the negligence of Defendant Ortiz.

43.   Defendant Brown was careless and negligent at the time of the collision and his negligence was a cause of the collision.

44.   Pursuant to the Joint Venture doctrine, Defendant Brown is liable for the negligence of Defendant Ortiz.

45.     Plaintiff Lisa Buechler was not comparatively negligent regarding the Motor Vehicle Collision.

46.     Negligence of a third party over whom Defendant Ortiz had no control was not a factor in causing or contributing to the Motor Vehicle Collision in question.

47.     Negligence of a third party over whom Defendant Brown had no control was not a factor in causing or contributing to the Motor Vehicle Collision in question.

48.     At the time of the Motor Vehicle Collision, Defendant Ortiz was an employee of Defendant Quik Travel Staffing and was acting within the course and scope of her employment.

49.     At the time of the Motor Vehicle Collision, Defendant Ortiz was acting pursuant to the authorization of her employer Defendant Quik Travel Staffing as to the manner of her actions while operating the 2017 Cadillac XTS.

50.     Defendant Tyrie Brown was driving a black Audi, which was not damaged in the Motor Vehicle Collision but caused or contributed to causing the Motor Vehicle Collision.

51.     The Motor Vehicle Collision caused Plaintiff Lisa Buechler physical and emotional injuries plus economic and other damages in an amount to be proven at trial.

52.     The Motor Vehicle Collision caused Plaintiff Mulligan loss of consortium damages, emotional trauma and economic damages in an amount to be proven at trial.

## FIRST CLAIM FOR RELIEF
*Negligence Against Defendant Alana Marie Ortiz*

53.     Plaintiffs incorporate all other paragraphs as though fully set forth herein.

54.     At the time of the Motor Vehicle Collision, Defendant Ortiz owed a duty to Plaintiffs to operate her vehicle in a safe and prudent manner.

55.     Defendant Ortiz breached the duty to operate her vehicle in a safe and prudent manner.

56.     At the time of the Motor Vehicle Collision, Defendant Ortiz was traveling northbound in the southbound lane of Highway 285 attempting to pass a blue vehicle that was traveling northbound when her vehicle collided head on with Plaintiff Lisa Buechler's vehicle.

57.     Prior to attempting to pass the blue vehicle, Defendant Ortiz failed to keep a proper lookout for vehicles traveling southbound in the southbound lane of Highway 285.

58.     At the time of the Motor Vehicle Collision, Plaintiff Lisa Buechler was traveling southbound in the southbound lane of Highway 285.

59.   At the time of the Motor Vehicle Collision, Defendant Ortiz did not return to the northbound lane of Highway 285 before colliding head on with Plaintiff Lisa Buechler's vehicle.

60.   At the time of the Motor Vehicle Collision, Defendant Ortiz was traveling at or in excess of 75 miles per hour in a posted 65 miles per hour zone.

61.   At the time of the Motor Vehicle Collision, Defendant Ortiz was careless and negligent in traveling northbound in the southbound lane of Highway 285 and careless and negligent in failing to return to the northbound lane prior to the Motor Vehicle Collision.

62.   As a direct and proximate result of the breach of duties of care owed by Defendant Ortiz to the Plaintiffs, the Plaintiffs have suffered injuries, damages and losses in an amount to be proven at trial.

### SECOND CLAIM FOR RELIEF
*Negligence Against Defendant Quik Travel Staffing, Inc. – Vicarious Liability*

63.   Plaintiffs incorporate all other paragraphs as though fully set forth herein.

64.   At the time of the Motor Vehicle Collision, Defendant Ortiz was an employee of Defendant Quik Travel Staffing.

65.   At the time of the Motor Vehicle Collision, Defendant Ortiz was in Colorado at the request and direction of Defendant Quik Travel Staffing.

66.   At the time of the Motor Vehicle Collision, Defendant Quik Travel Staffing had placed Defendant Ortiz in a job with Dialysis Clinic, Inc. in Montrose, Colorado.

67.   Defendant Ortiz was acting within the scope of her employment with Defendant Quik Travel Staffing when she came to Colorado to work for the Dialysis Clinic, Inc. in Montrose, Colorado.

68.   At the time of the Motor Vehicle Collision, Defendant Ortiz owed a duty to the Plaintiffs to operate her vehicle in a safe and prudent manner.

69.   Defendant Ortiz breached the duty to operate her vehicle in a safe and prudent manner.

70.   As a direct and proximate result of the breach of duty of care by Defendant Quik Travel Staffing's employee, Defendant Ortiz, Plaintiffs suffered injuries, damages and losses in an amount to be proven at trial.

71.     Pursuant to the doctrines of Employer/Employee and *Respondeat Superior*, Defendant Quik Travel Staffing is responsible for the acts or omissions of Defendant Ortiz.

72.     The acts or omissions of Defendant Quik Travel Staffing's employee, Defendant Ortiz, while acting within the course and scope of her employment are the direct and proximate result of Plaintiffs' injuries, damages and losses. in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
*Negligent Entrustment Against Defendant Quik Travel Staffing, Inc.*

73.     Plaintiffs incorporate all other paragraphs as though fully set forth herein.

74.     At the time of the Motor Vehicle Collision, Defendant Ortiz was an employee of Defendant Quik Travel Staffing.

75.     At the time of the Motor Vehicle Collision, Defendant Ortiz was in Colorado because Defendant Quik Travel Staffing had placed her in a job with Dialysis Clinic, Inc. in Montrose, Colorado.

76.     Defendant Ortiz was acting within the scope of her employment with Defendant Quik Travel Staffing when she came to Colorado to work for the Dialysis Clinic, Inc. in Montrose, Colorado.

77.     At the time of the Motor Vehicle Collision, Defendant Ortiz was driving a black 2017 Cadillac XTS, which had been rented from Enterprise Rent-A-Car through Defendant Quik Travel Staffing's business rental account.

78.     Defendant Quik Travel Staffing had authorized Defendant Ortiz to rent a vehicle using its business rental account with Enterprise Rent-A-Car.

79.     Defendant Ortiz was acting within the scope of her employment with Defendant Quik Travel Staffing when she rented the 2017 Cadillac using the corporate account of Defendant Quik Travel Staffing.

80.     Quik Travel Staffing knew or should have known that Defendant Ortiz would be driving this rental vehicle while she was in Colorado working at the Dialysis Clinic, Inc.

81.     Defendant Quik Travel Staffing was negligent in authorizing Defendant Ortiz to rent a motor vehicle under its corporate account given her past driving history.

82.     In the ten (10) years prior to the Motor Vehicle Collision and prior to Defendant Quik Travel Staffing authorizing Defendant Ortiz to rent a motor vehicle under its corporate account for the work in Colorado, Defendant Ortiz had received numerous tickets for various traffic violations, including multiple tickets for speeding.

83.   Defendant Quik Travel Staffing had a duty to investigate Defendant Ortiz' driving history before authorizing Defendant Ortiz to rent a motor vehicle under its corporate account.

84.   Whether to allow Defendant Ortiz to rent a vehicle under its corporate account was within the control of Defendant Quik Travel Staffing.

85.   Defendant Quik Travel Staffing knew or should have known that Defendant Ortiz was likely to use a motor vehicle in such a manner as to create an undue risk of harm to the public.

86.   As a direct and proximate result of the breach of duties of care owed by Defendant Quik Travel Staffing to the Plaintiffs, the Plaintiffs have suffered injuries, damages and losses in an amount to be proven at trial.

### FOURTH CLAIM FOR RELIEF
*Negligence Against Defendant Tyrie Brown*

87.   Plaintiffs incorporate all other paragraphs as though fully set forth herein.

88.   At the time of the Motor Vehicle Collision, Defendant Brown was driving a black Audi, which had South Carolina license plate NHP927.

89.   At the time of the Motor Vehicle Collision, Defendant Brown owed a duty to the Plaintiffs to operate his vehicle in a safe and prudent manner.

90.   Defendant Brown breached the duty to operate his vehicle in a safe and prudent manner.

91.   In the 30 miles prior to the Motor Vehicle Collision, Defendant Ortiz and Defendant Brown had been driving at speeds in excess of the posted speed limit.

92.   In the 30 miles prior to the Motor Vehicle Collision, Defendant Ortiz and Defendant Brown were passing vehicles in no passing zones.

93.   Just prior to the Motor Vehicle Collision, Defendant Brown was traveling northbound in the southbound lane of Highway 285 and had passed a blue vehicle that was traveling northbound.

94.   Just prior to the Motor Vehicle Collision, Defendant Ortiz was following the black Audi being driven by Defendant Brown.

95.   At the time of the Motor Vehicle Collision, Defendant Ortiz was traveling northbound in the southbound lane of Highway 285 attempting to pass a blue vehicle that was traveling northbound when her vehicle collided head on with Plaintiff Lisa Buechler's vehicle.

96.     Prior to attempting to pass the blue vehicle, Defendant Brown failed to keep a proper lookout for vehicles traveling southbound in the southbound lane of Highway 285.

97.     Just prior to the Motor Vehicle Collision, Defendant Brown was careless and negligent in traveling northbound in the southbound lane of Highway 285.

98.     At the time of the Motor Vehicle Collision, Defendant Ortiz and Defendant Brown were engaged in a joint venture and therefore Defendant Brown is vicariously liable for the acts or omissions of Defendant Ortiz.

99.     As a direct and proximate result of the breach of duties of care owed by Defendant Brown to the Plaintiffs, the Plaintiffs have suffered injuries, damages and losses in an amount to be proven at trial.

### FIFTH CLAIM FOR RELIEF
*Negligence per se Against Defendant Alana Marie Ortiz*

100.    Plaintiffs incorporate all other paragraphs as though fully set forth herein.

101.    At the time of the Motor Vehicle Collision, there existed laws, statutes, ordinances and regulations for the safety and protections of motorists in the State of Colorado.

102.    At the time of the Motor Vehicle Collision, the State of Colorado had statutes, ordinances, and codes to regulate traffic including but not limited to:  Careless Driving (C.R.S. §42-4-1402), Reckless Driving (C.R.S. §42-4-1401), Speeding (C.R.S. §42-4-1101), Passing in No Passing Zone (C.R.S. §42-4-1005), Vehicular Assault – Operated a Motor Vehicle in a Reckless Manner, causing serious bodily injury to another person (C.R.S. §18-3-205(1)(a).

103.    At the time of the Motor Vehicle Collision, Defendants Ortiz violated traffic codes including careless driving, excessive speed, passing in no passing lanes and driving into oncoming traffic.

104.    Defendant Ortiz's violations of these traffic codes constitute negligence per se.

105.    Plaintiffs are a member of the class that the statutes, ordinances, and codes are intended to protect.

106.    As a direct and proximate cause of Defendant Ortiz's negligence per se, the Plaintiffs have suffered injuries, damages and losses in an amount to be proven at trial

        WHEREFORE, Plaintiffs pray for relief as set for the below.

### SIXTH CLAIM FOR RELIEF
*Loss of Consortium Against all Defendants*

107. Plaintiffs incorporate all other paragraphs as though fully set forth herein.

108. The Defendants were negligent as set forth above.

109. Plaintiff Lisa Buechler was injured as a result of the Defendants' negligence, as set forth above.

110. Plaintiff Michael Mulligan was and is the spouse of Plaintiff Lisa Buechler.

111. As a result of the injuries sustained by Plaintiff Lisa Buechler, Plaintiff Michael Mulligan has sustained damages and losses, including loss of consortium and economic damages for medical care and treatment, having to provide nursing care and other services, as well as essential home services, activities of daily living and personal hygiene care and dressing that his wife could not perform and can no longer perform.

WHEREFORE, Plaintiffs pray for relief as set for the below.

### DAMAGES

112. Plaintiffs incorporate by reference all preceding paragraphs as fully set forth herein.

113. As a direct and proximate result of the Defendants' negligence and/or other wrongful conduct, Plaintiff Lisa Buechler has suffered physical injuries, including but not limited to a head injury, neurologic injury, orthopedic injuries and other injuries, at a value to be determined by the jury in this case.

114. As a direct and proximate result of the Defendants' negligence and/or other wrongful conduct, Plaintiff Lisa Buechler suffered physical injuries, including but not limited to physical impairment, physical disfigurement and other related damages, at a value to be determined by the jury in this case.

115. As a direct and proximate result of the Defendants' negligence and/or other wrongful conduct, Plaintiff Lisa Buechler has and will continue to endure emotional injuries, including pain and suffering, emotional distress, loss of enjoyment of life and other related injuries, all at a value to be determined by the jury in this case.

116. As a direct and proximate result of the Defendants' negligence and/or other wrongful conduct, Plaintiff Lisa Buechler suffered economic damages including medical bills, out-of-pocket expenses plus lost earnings past and future among other economic damages, at a value to be determined by the jury in this case.

117.   As a direct and proximate result of the Defendants' negligence and/or other wrongful conduct, Plaintiff Mulligan suffered loss of consortium damages, emotional trauma and economic damages, all at a value to be determined by the jury in this case.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that judgment be entered in favor of Plaintiffs and against Defendants in an amount to fairly compensate them for the injuries, court costs, expert witness fees and other costs, interest as allowed Colorado law and for such other and further relief as this Court deems just and proper including the following:

A.   Award Plaintiffs damages for an amount which will fairly and adequately compensate Plaintiffs for the injuries and damages arising out of this Motor Vehicle Collision, including past, present and future non-economic damages, medical expenses, past and future; permanent limitations, injuries, and/or physical impairment and disfigurement; limitations and/or disabilities of the body and/or mind; past and future pain and suffering; loss of enjoyment of life and/or the capacity of life; lost past and future earnings, interest as provided by statute; plus

B.   grant Plaintiffs such other and further relief as this Court deems necessary and proper, including interest, costs and attorney's fees, plus

C.   make such judgment joint and several among the Defendants.

### PLAINTIFFS RESPECTFULLY DEMAND A TRIAL TO A JURY

DATED: March 13, 2018

Respectfully submitted,

WAHLBERG, WOODRUFF, NIMMO & SLOANE, LLP

Dennis W. Brown, Colo. #11163
Attorney for Plaintiffs

Plaintiffs' Address:
2729 Lookout View
Golden, CO  80401

11

## AFFIDAVIT AND APPLICATION OF ARREST WARRANT

The following affidavit is submitted to the District Court, Park County, State of Colorado, to document the probable cause in support of the arrest of: August 30, 2017

ALANA MARIE ORTIZ
D.O.B. 02-13-1986
Black Female, 5'03", 140, Black Hair, Brown Eyes
3417 Richmond Ave. Anchorage, AK 99508

FILED IN COMBINED COURT
17CR89
AUG 3 0 2017
PARK COUNTY, COLORADO

The offenses are fully documented in Colorado State Patrol Case Report number 2A171131, detailing the offense(s) of:

**18-3-205 (1)(a) Vehicular Assault - Operated a Motor Vehicle in a Reckless Manner which was the Proximate Cause of Serious Bodily Injury to Another Person.**

I, Trooper Brian Tillery, the affiant, hereby swear or affirm that I am a Colorado officer employed as a Trooper for the Colorado State Patrol, assigned to Troop 2A. I make this application and affidavit for an arrest warrant pursuant to Crim.P. 41 and C.R.S. 16-3-301 et seq., and swear or affirm this application and affidavit in support of the issuance of an arrest warrant.

Your affiant is employed as a Trooper with the Colorado State Patrol from 2013 to present. Your affiant has completed 1033.5 hours of the Colorado State Patrol Academy. Your affiant is also a Level II crash investigator.

On 8-9-17 at 1334 hours, I was notified of a 3 vehicle crash on Colorado 285 near milepost 165. When I arrived on scene at 1406 hours, I observed a gold Toyota Camry with Colorado license plate 905SXN with heavy front end damage facing southeast in the middle of the roadway. There was a black Cadillac XTS with Florida License plate 624YSH on its roof about 30 feet off the west side of the highway which had rolled and had heavy front end damage. There was also a Gray Honda CRV with Colorado license plate 561QOB about two feet off the west side of the road with damage to its left front. There were large gouges in the blacktop at the first area of impact (AOI) and vehicle debris scattered north and south of the AOI. Additionally, there were skid marks from the Toyota Camry and the Honda CRV up to both AOI's.

The Toyota Camry's driver was identified as Lisa Ann Buechler (DOB 9-29-61). The Cadillac XTS was driven by Alana Marie Ortiz (DOB 2-13-86). The Honda CRV was driven by Randall Miller (DOB 4-20-81). Buechler and Ortiz were both being treated by medical personnel and were awaiting helicopter transport to St. Anthony's Hospital in Lakewood, Colorado. The injuries appeared to be serious but it was unknown to what extent. I interviewed witnesses, spoke to the driver's, took photographs, and completed a field sketch of the scene. Sgt. Schwarz arrived on scene and also spoke to the drivers, took photographs and completed paperwork for the tows.

Based on my investigation I determined that the black Cadillac and was northbound on Colorado 285. The gold Toyota Camry and the gray Honda CRV were both southbound on Colorado 285 near milepost 165. The Cadillac was passing a northbound non-contact vehicle on the left and

EXHIBIT A

was in the southbound lane. The Toyota began braking and was hit head on by the Cadillac in the southbound lane. There were no signs of braking from the Cadillac. The Toyota rotated clockwise and came to rest at the area of impact. The Honda was unable to stop in time and collided its front left with the front right of the Toyota. The Cadillac went airborne from the area of impact and traveled off the west side of the road where it returned to the ground and overturned to rest. The Cadillac came to rest on its roof facing east. The Toyota came to rest on its wheels in the northbound lane facing southeast. The Honda came to rest on its wheels on the southbound shoulder facing south.

Witnesses on scene reported that there was a black Audi and a black Cadillac driving at excessive speeds and passing in no passing zones with oncoming traffic. These reports extended all the way back to Colorado 285 in the vicinity of milepost 136 where the two vehicles ran a northbound non-contact vehicle off the road at the end of the passing lane. Some of the witnesses pointed to the crashed black Cadillac and the black Audi which was parked on scene and identified them as the two vehicles which were driving recklessly. The black Audi had South Carolina license plate NHP927 and was driven by Tyrie Brown (DOB 10/08/87). Tyrie Brown was the boyfriend to Alana Ortiz who was driving the black Cadillac.

On 8-20-17 Doctor Andreaj Hennig explained Ms. Buechler's injuries as an; unstable thoracic spine fracture, multiple rib fractures, right femoral head fracture, and left distal fibula fracture. In the doctors opinion these injuries were serious bodily injury and is documented on CSP 815 (Colorado State Patrol Physician's Report of Serious Bodily Injury).

**Driver Statements:**

Alana Ortiz (Driver 1, Cadillac XTS): I was trying to switch lanes to pass. I was following the black Audi headed to Denver, coming from Montrose. I was passing a blue car at about 75 mph during the pass when we hit head on. "This shouldn't have happened."

Lisa Buechler (Driver 2, Toyota Camry): Ms. Buechler was intubated and unable to give a statement.

Rand. C Miller (Driver 3, Honda CRV): While driving south, a black Cadillac came across the center line and hit the gold Toyota. While trying to turn out of the way I hit the gold Toyota.

**Witness Statements:**

Josh Richmond: A black Audi and black Cadillac ran another northbound vehicle onto the shoulder of the road as they passed it after the passing zone ended on Colorado 285 near milepost 136 at 1255 hours.

Jared Sinclair: The two black cars passed at about 80 miles an hour on Trout Creek Pass with oncoming traffic. There was a passing lane two miles ahead that they didn't wait for.

Kristopher Cavanaugh: We were passed by a black Audi, black Cadillac, and red Cadillac at a high rate of speed on Trout Creek Pass in a no passing zone at very unsafe passing locations. We then rolled up on the crash scene involving two of the passing vehicles. The red Cadillac turned around and drove in the opposite direction and was operated by an older male with an older female passenger.

Sandy Sheppard: We were passed by a car with out of state plates going very fast. Moments later we saw the black car rolling off the road two cars in front of us.

Teresa Cain: We saw the Cadillac rolling in the air. I ran down and checked on the driver who crawled out of the Cadillac on her own. The driver of the black Audi ran to her aid and carried her to the black Audi. She kept repeating "my god this can't have happened". She stated she had been driving at a high rate of speed trying to keep up with her friend in the black Audi.

Robyn Shoemaker: We were northbound on highway 285 and were passed by a black Audi at about 80-90mph. A black Cadillac then flew by at about the same speed on a double yellow and almost clipped us. I had to go into the ditch. They then passed a Toyota truck over a double yellow at about 90-100 mph and disappeared. Moments later we rolled up on the accident involving the passing vehicles.

Aaron Winn (Passenger of Honda CRV involved): We were southbound on highway 285 when a black Cadillac crossed the center line and struck the gold Toyota. We swerved to miss but hit the gold Toyota.

Tyrie Brown: I passed a midnight blue Ford Focus on the left side. I looked in my mirror and saw the head on collision. Alanna was driving the Cadillac and was following me. She made the pass right behind me, there weren't any cars on the left and I don't know what happened.

Andy Lucek: The black Audi and black Cadillac passed me on a double yellow line while I was doing 65 mph at the highway 24/285 junction headed northbound. They were tailgating and weaving for about 3-5 minutes prior to attempting to pass. I estimated the pass at 90 mph.

Upon completing my investigation, I determined the following:

- Alana Marie Ortiz was driving the black Cadillac XTS.
- Alana Marie Ortiz was driving in a reckless manner, for at least 30 miles.
- The reckless driving behavior was the cause of the crash.
- Lisa Ann Buechler who was driving the Toyota Camry did sustain serious bodily injury as described in CRS 18-1-901 (3)(p) and based on the opinion of Doctor Andreaj Hennig on 8-20-2017.

I would respectfully request that probable cause be found that Alana Marie Ortiz, DOB: 02-13-1986, did within the County of Park and State of Colorado, commit, in violation of the Colorado Revised Statutes, the offenses of:

**18-3-205 (1)(a) Vehicular Assault - Operated a Motor Vehicle in a Reckless Manner which was the Proximate Cause of Serious Bodily Injury to Another Person.**

08/26/2017
Date

Trooper Brian Tillery
Colorado State Patrol

District Judge Notary Signature

My Commission expires: _____